CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **KENNETH J. BROWN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00461** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SOUTHWEST VIRGINIA REGIONAL** | ) | **By:  Robert S. Ballou** |
| **JAIL, et al.,** | ) | **United States District Judge** |
| **Defendants.** | ) | |

Kenneth J. Brown, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail (SWVRJ), Dr. Amit Shah, a correctional officer, and several nurses, alleging violation of his right to decent conditions in prison, denial of adequate medical care, and deliberate indifference by Dr. Shah.  This matter is before the court on the separate motions to dismiss filed by the Jail and Officer Rulely, Jill Pearce, LPN, Qualified Mental Health Professional, and Bobbi Carroll, LPN.  For the reasons stated below, I will grant these motions.

## I.  FACTUAL BACKGROUND

Brown's primary claim is that he was wrongfully denied his Wellbutrin prescription for 30 days in April 2024 and for two weeks in July 2024.  He had been prescribed Wellbutrin for generalized anxiety disorder, persistent depression, and post-traumatic stress disorder, after witnessing the death of his father in a logging accident in 2019.  He had taken the medication for several years before entering the jail, and he was maintained on the prescription when he entered SWVRJ in December 2023 and when he was transferred to another SWVRJ facility in March 2024.  The same health care professionals oversaw his treatment at both facilities.

Brown's other medical complaint involves the treatment he received for continued complaints of leg and ankle pain while at SWVRJ.  Brown had previously been injured in a logging accident six or seven years earlier, suffering a compound fracture of his right leg.  He underwent surgical reduction and internal fixation, using pins and screws to put his leg back together.  Then, during the year before he was admitted to the jail, Brown sustained a hairline fracture of the right foot.  He asked to be seen to have his leg and ankle "looked at" on December 22, 2023, just three days after he entered the jail.  He was seen on January 11, 2024.  Brown regularly submitted requests to be seen, sometimes indicating his preference to see a doctor instead of a nurse or nurse practitioner.  When he submitted requests, he was seen within a few weeks and often the very next day, usually by a nurse or the nurse practitioner, but he also saw Dr. Hulbert at least four times between May and September of 2024 when he was transferred to Dillwyn Correctional Center.

Finally, Brown complains of poor prison conditions.  In particular, he states that  (1) he was assigned to a top bunk on July 18, 2024, when he was supposed to be assigned only to a lower bunk; (2) there were ants on the floor of his cell; and (3) while he was in a medical cell from July 12 through July 18, the cell was "full of black mold."

In his Amended Complaint, Brown sued five named individuals, the jail, and "Nurse 6.695." [1]  In describing his claims, he described specific actions taken by Dr. Shah and by Nurse Addington.  He did not, though, mention any actions taken by Officer Rulely, Nurse Carroll, Nurse Jill [Pearce], or even Nurse 6.695.  Brown supplied copies of his grievances and medical

---

[1] Some responses to grievances or inquiries were captioned, "Response by [number]" instead of by a person's name. *See, e.g.,* Dkt. No. 73-3 at 96, 98 (Response by 6.6955) and at 65 (Response by M.M1159).  The court does not know who these people are.  By order entered November 7, 2024 (Dkt. No. 40), the court directed plaintiff to provide sufficient information to identify Nurse 6.695 within 30 days, but the plaintiff never responded to that request.  Accordingly, the court has not been able to obtain service on Nurse 6.695, who will be dismissed from the case without prejudice for lack of service.

requests, and of the responses he received.  Some of the responses to medical requests were

signed by Nurse Carroll, usually telling Brown that he had been placed on the list to be seen.

Nothing that Brown has provided gives any indication of what he thinks Nurse Carroll, Jill

Pearce, Nurse 6.695, or Officer Rulely did to violate his rights.  For that reason, Nurse Carroll,

Ms. Pearce, and Officer Rulely have filed Motions to Dismiss.  SWVRJ has filed a Motion to

Dismiss on the grounds that the jail is not a proper defendant to the suit.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint.

The court must accept as true all factual allegations in the complaint and reasonable inferences

from those facts.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  If, accepting those facts as true,

the complaint fails to show a plausible entitlement to relief from the defendant, the motion to

dismiss must be granted.  Legal conclusions, formulaic recitations of the elements of a cause of

action, speculative assertions, and conclusory statements need not be accepted.  *Langford v.

Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). The court should not grant a motion to dismiss unless

the plaintiff is clearly not entitled to relief under any possible construction of the allegations.

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989).

## III.  DISCUSSION

### A.  <u>Southwestern Virginia Regional Jail</u>

Section 1983 provides a cause of action against a "person" who, acting under color of

state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848

F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal," based upon a defendant's

personal conduct that violates the plaintiff's rights.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.

2001).  A jail is a building, not a person, and it is not a proper defendant to a § 1983 suit.  *McCoy*

*v. Chesapeake Corr. Ctr.,* 788 F. Supp. 890, 893–94 (E.D. Va. 1992).  Because the jail is not a person within the meaning of the statute, plaintiff cannot assert a cognizable claim against the jail, and I will grant the jail's motion to dismiss.

## B.  Officer Rulely

As discussed above, liability under § 1983 is personal.  A proper claim requires factual details about the defendant's personal involvement in violating a plaintiff's rights.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  Although Officer Rulely is listed as a defendant in the caption of the case, nowhere in the Amended Complaint (nor in the original Complaint) does Brown mention Officer Rulely, much less describe any behavior that the officer engaged in that violated Brown's rights.  Where a complaint alleges no conduct committed by the defendant and is silent as to the defendant, except for his name appearing in the caption, the complaint against that defendant must be dismissed.  *Branch v. Machen*, No. 3:14CV708, 2014 WL 6685497, at *3 (E.D. Va. Nov. 25, 2014) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Because Brown has not alleged any facts showing that Rulely personally violated any of Brown's protected constitutional rights, I will grant his motion to dismiss, without prejudice.

## C.  Bobbi Carroll, LPN and Jill Pearce, QMHP

As with Officer Rulely, Brown names both Carroll and Pearce as defendants in the caption of his suit, but he does not allege that either of them personally engaged in any specific conduct that violated Brown's rights.  He does not mention them in the body of his suit.  Therefore, he has failed to state a cognizable claim against either of them.  *Branch*, 2014 WL 6685497 at *3.  To the extent that Brown refers to "the nurses" in his complaint, that is not sufficient to support the personal involvement of a specific defendant in conduct that violates

another's rights.  General allegations about the conduct of a group of people, without more, fails

to state a claim.  *Marcantonio v. Dudzinski*, 155 F. Supp. 3d 619, 626 (W.D. Va. 2015).

I will grant Ms. Carroll's motion to dismiss and Ms. Pearce's motion to dismiss, without

prejudice.

## IV. CONCLUSION

I will grant the Motions to Dismiss filed by defendant Jill Pearce, defendant Bobbie

Carroll, and defendants SWVRJ and Officer Rulely.

An appropriate order will be entered this day.

Enter:  December 23, 2025

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge