CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 01, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **KENNETH J. BROWN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00461** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **AMIT SHAH, M.D.,** | ) | **By: Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Kenneth J. Brown, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against Dr. Shah, which is currently scheduled for trial. The court previously dismissed several other defendants from the case. *See* Dkt. Nos. 105, 107. Brown has filed a motion to alter or amend the summary judgment granted in favor of Jennifer Addington, LPN, stating that Nurse Addington put Brown's medication on hold, which was a significant event in his case. For the reasons stated, I will deny the motion for reconsideration.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a judgment will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). Brown has offered no legal authority to support a claim that the court's prior decision contained a clear error of law nor to show any intervening change in controlling law. He has not offered any new evidence. Nor is his argument persuasive that any manifest injustice will result from the decision granting Nurse Addington's motion for summary judgment.

As explained in the court's memorandum opinion (Dkt. No. 106), Nurse Addington had an obligation to report what she believed she saw. Brown has not contradicted her duty to report, and he admitted that he still had medication in his hand after his first gulp of water. According to

the chart notes, nurse practitioner Large ordered the hold on Brown's medication. Nurse Addington merely documented Large's instructions in the file. To the extent Brown alleges that Nurse Addington told him his medications would be held, she was simply conveying information based on policy. She did not make the policy, nor did she make the decision to keep Brown's medication away from him. The responsibility for reinstating Brown's mental health medication, once discontinued by the nurse practitioner, belonged to Dr. Shah alone. His decision to continue withholding all mental health medicine for a month is the issue that raises a potential question of deliberate indifference, and Brown will have the opportunity to present that issue at trial. Nurse Addington, an LPN, had no ability to countermand the orders of a nurse practitioner or of a medical doctor. She had no legal authority to prescribe medication. Nurse Addington told Brown the consequences of hoarding medication, but she was not the decision-maker, just the messenger.

For the reasons stated, I will deny Brown's motion for reconsideration of the judgment. An appropriate order will be entered this date.

Enter:  July 1, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge